IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Charlotte Ann Smith, Pro Se, | ) | |
| | ) | C.A. No. 0:10-cv-3168-MBS-JRM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Bank of America, N.A., as Successor | ) | |
| by Merger [to] LaSalle Bank N.A. as | ) | |
| Trustee for Certificate Holder[s] of EMC | ) | |
| Mortgage Corporation, Loan Trust | ) | |
| 2005-A Mortgage Loan Pass-Through | ) | |
| Certificates, Series 2005-A, EMC | ) | |
| Mortgage Corporation, and Parent | ) | |
| Companies, The Bear Stearns | ) | |
| Companies, LLC and JP Morgan Chase | ) | |
| & Companies, Guardian Fidelity | ) | |
| Mortgage, Inc., Guardian President and | ) | |
| CEO Howard H. Wright, Jr., Guardian | ) | |
| Assistant Manager Stacey Youngblood, | ) | |
| Guardian Chairman of the Board | ) | |
| John Good, Guardian Member | ) | |
| Owners/Shareholder[s]/Stockholders, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| Charlotte Ann Smith, Pro Se, | ) | |
| | ) | C.A. No. 0:11-cv-3251-MBS-JRM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Bank of America, N.A., as Successor | ) | |
| by Merger [to] LaSalle Bank N.A. as | ) | |
| Trustee for Certificate Holder[s] of EMC | ) | |
| Mortgage Corporation, Loan Trust | ) | |
| 2005-A Mortgage Loan Pass-Through | ) | |
| Certificates, Series 2005-A, EMC | ) | |
| Mortgage Corporation, and Parent | ) | |
| Companies, The Bear Stearnes | ) | |
| Companies, LLC and JP Morgan Chase | ) | |

| | |
|---|---|
| & Companies, Guardian Fidelity Mortgage, Inc., Guardian President and CEO Howard H. Wright, Jr., Guardian Assistant Manager Stacey Youngblood, Guardian Chairman of the Board John Good, Guardian Member Owners/Shareholder[s]/Stockholders, Bear Stearnes Companies LLC, JP Morgan Chase & Co., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Charlotte Ann Smith ("Plaintiff") brought this pro se action based on financial transactions she entered into with Defendants related to a parcel of real estate she attempted to develop. Plaintiff originally brought an action in the Court of Common Pleas in York County, South Carolina on April 4, 2010. The defendants in that action included: Chase Bank and Mortgage; Bank of America; National Association as Successor by Merger to LaSalle Bank; National Association as Trustee for Certificate Holders of EMC Mortgage Loan Trust 2005-A Mortgage Loan Pass-Through Certificates, Series 2005-A; Guardian Fidelity Mortgage, Inc. American N.A. and their members or shareholders; Guardian Fidelity Mortgage, Inc. American N.A.'s President and CEO Howard Wright; and Guardian Fidelity Mortgage Inc. American N.A.'s Assistant Manager Stacy Youngblood. The case was removed to federal court on April 8, 2010. Charlotte Anne Smith v. Chase Bank and Mortgage, C/A No. 0:10-882-JFA ("Smith I"). On July 27, 2011, the Honorable Joseph F. Anderson dismissed Smith I upon Plaintiff's request.

On November 18, 2010, Plaintiff filed another action in the Court of Common Pleas in York County, alleging similar causes of action to Smith I against almost all of the same defendants. This case was removed to federal court on December 14, 2010. Charlotte Anne Smith v. Bank of America, NA, C/A No. 0:10-3168-MBS-JRM ("Smith II"). By June 22, 2011,

2

all Defendants in Smith II had filed motions for summary judgment. On November 17, 2011, Plaintiff filed a motion seeking to dismiss Smith II on the basis that she had filed another case with all of the same legal issues in York County, South Carolina for which she was obtaining counsel. That case was removed to federal court on November 30, 2011. Charlotte Anne Smith v. Bank of America, NA, C/A No. 0:11-3251-MBS-JRM ("Smith III"). On December 2, 2011, Defendants filed a motion to consolidate Smith II and Smith III. On December 5, 2011, Defendants responded to Plaintiff's motion to dismiss Smith II, requesting that the court dismiss the case with prejudice under Fed. R. Civ. P. 41(a)(1) on the basis that Judge Anderson had previously dismissed Smith I upon Plaintiff's request, making the motion to dismiss Plaintiff's second dismissal. In the alternative, Defendants requested that the court deny Plaintiff's motion to dismiss and rule on Defendants' dispositive motions. This, according to Defendants, would secure a res judicata effect and prevent them from having to defend "serial lawsuits" by Plaintiff.

On December 29, 2011, the Magistrate Judge filed a Report and Recommendation in Smith II (ECF No. 104) and Smith III (ECF No. 14) in which he recommended that Defendant's motion to consolidate be granted and that Plaintiff's motion to dismiss Smith II be granted. On February 15, 2012, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Plaintiff objected to the Magistrate Judge's recommendation that Smith II and Smith III be consolidated. She argued that her voluntary motion to dismiss only referred to Smith II, not Smith III, which she intends to continue litigating.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific

3

objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Under Fed. R. Civ. P. 41(a)(1)(A), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. If the plaintiff does not meet the requirements of dismissal by notice as outlined in Rule 41(a)(1)(A), the plaintiff must request dismissal by court order. See Fed. R. Civ. P. 41(a)(1)(B)(2). Under Rule 41(a)(1)(B), also known as the "two dismissal rule," if the plaintiff previously dismissed any federal or state court action based on or including the same claim, the [instant] notice of dismissal operates as an adjudication of the merits unless the notice or stipulation states otherwise. In Manning v. South Carolina Department of Highway and Public Safety, 914 F.2d 44, 47 n. 3 (4th Cir. 1990), the Fourth Circuit stated that the two dismissal rule applies only when the second dismissal is by notice, but not when the case is dismissed by motion or by stipulation.

After a thorough review of the Report and Recommendation, the Plaintiff's Objections, the record in its entirety, and the applicable law, the court concurs with the Magistrate Judge's recommendation that Smith II be dismissed. Plaintiff filed her second dismissal by motion after Defendants had already filed motions for summary judgment. Thus, the two dismissal rule by which the second dismissal qualifies as adjudication on the merits is inapplicable. Accordingly, Plaintiff's motion to dismiss Smith II (Smith II, ECF Nos. 99, 100) is granted and Smith II is hereby DISMISSED WITHOUT PREJUDICE. However, as Smith II has been dismissed, Defendant's motion to consolidate Smith II and Smith III (Smith II, ECF No. 101; Smith III,

ECF No. 5) is DENIED as MOOT.  <u>Smith III</u> is recommitted to the Magistrate Judge for additional review and a Report and Recommendation.

**IT IS SO ORDERED.**

<u>s/ Margaret B. Seymour</u>
Margaret B. Seymour
Chief United States District Judge

February 20, 2012
Columbia, South Carolina